## Coulter, Thomas A.

**From:** Coulter, Thomas A.

**Sent:** Wednesday, July 12, 2006 12:49 PM

**To:** Kent.Huntington@usdoj.gov

**Subject:** DSI/STR v. U.S.

Kent, here is the email that I mentioned to you yesterday.

I have completed my review of the administrative record as produced by the Government. I have concluded that we need to supplement the record for the following reasons, among others:

1. There is no explanation of the procurement strategy or the type of procurement method utilized (sole source, simplified acquisition, negotiated procurement, etc.).

2. There are no documents and no explanation/analysis regarding the decision-making process that led to the insertion of SRA into the selection process (cancellation of the First RFI and issuance of the Second RFI) and no documents/information regarding the decision to use SRA as the procurement agent per the task order under which SRA is allegedly operating in selecting the software at issue.

3. There are no documents/information regarding the decision to have SRA select both software packages at issue, rather than procure them separately.

4. There is no scoring information for either STR or for DSI. Additionally, there is no weighting or guidelines that would allow understanding of how any scoring and/or relative ranking was conducted and/or calculated.

5. Other than a "recommendation" from the source selection team, there is no final "decision" implementing the "recommendation." Also, there is no "Internal Recommendation Memorandum" or "Vendor Findings Worksheet" regarding the "recommendation" of Infoterra, but both are provided for the "recommendation" of Compusearch. Similarly, there is a powerpoint "recommendation" presentation and a functional summary product evaluation provided for Infoterra, but not for Compusearch.

6. There are no communications (emails, written correspondence, telephone notes, meeting notes, etc.), showing any discussions between USAID and SRA, or among the agencies involved in the procurements at issue).

7. The relative roles of SRA and of the Government in the procurement process are unclear.

8. It is unclear whether appropriated funds were used for the procurements at issue.

For these reasons and others, we believe that the record must be supplemented so that the Court has before it all necessary information upon which to conduct a meaningful judicial review. Furthermore, the Court needs additional information to fully understand the issues raised in our Complaint. As I mentioned earlier, because this protest concerns the procurement process prior to the procurement decision, not just the procurement decision itself, there is a particular need to have a record of that process for the Court to review and evaluate. In the record as currently constituted, there is no information concerning the procurement process. In addition, because all of that necessary information may not be in writing, we will need depositions of certain Government personnel and SRA representatives.

Our request for supplementation of the record includes the following documents/information:

A. Documents/information relating to the procurement process, including the issues in paragraphs 1, 2, 3, 6, 7, and 8 as outlined above.

B. Documents/information regarding the scoring of STR and DSI.

C. Documents/information regarding implementation of the "recommendations" for the software packages at issue.

Exhibit 1

D. Depositions of appropriate FEDSIM/USAID personnel and SRA representatives involved in the procurement process.

E. Declarations from STR/DSI personnel regarding the procurement process.

Please let me know your position regarding our request. My guess is that I will need to file a Motion to Supplement the Record. If so, could you please contact me regarding a briefing schedule. Thanks.

**Thomas A. Coulter**
**Attorney at Law**
LECLAIR RYAN, *A Professional Corporation*
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
P.O. Box 2499
Richmond, Virginia 23218-2499
(804) 916-7103 Direct
(804) 916-7203 Fax
http://www.leclairryan.com