# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## (BID PROTEST)

| | | |
|---|---|---|
| DISTRIBUTED SOLUTIONS, INC., | ) | |
| and | ) | |
| STR, L.L.C., | ) | |
| Plaintiffs, | ) | No. 06-466 C |
| v. | ) | (Judge Merow) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**REPLY TO THE GOVERNMENT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD AND MEMORANDUM IN SUPPORT**

Plaintiffs, Distributed Solutions, Inc. ("DSI"), and STR, L.L.C. ("STR") (collectively the "Contractors"), file this Reply to the Government's Opposition to their Motion to Supplement the Administrative Record and Memorandum in Support.

## Introduction

The Government's Opposition to Plaintiffs' Motion to Supplement the Administrative Record ("Opposition") wholly fails to address the three categories of deficiencies in the record identified by Plaintiffs in their Motion to Supplement. Instead, the Government attempts to avoid meaningful review of its actions by combining its Opposition with a Motion to Dismiss

and by mischaracterizing Plaintiffs' requests for supplementation of the administrative record as nothing more than a challenge to the award of a task order in 2003 and an allegation of bad faith conduct by Government officials. Neither characterization is accurate. The Plaintiffs' bid protest, instead, encompasses the entire procurement process and includes the Government's decision to insert SRA into the procurement process for integration services, rather than solicit those services from the small business vendors capable of providing them, and its decision to procure the software packages at issue without any competitive bidding procedures.

The Government then baldly declares that the record is sufficient but offers no support for its argument and does not address the three specific categories of deficiencies in the record identified by the Plaintiffs. Moreover, the key cases cited by the Government relating to supplementation of the record all permitted some form of supplementation. Given the significant gaps in the record, the Government's failure to address them, and the cases cited that support supplementation, the Government's opposition is insufficient to avoid further supplementation of the record.

Aware of the record deficiencies, the Government has filed its Motion to Dismiss in an effort to rush this Court into a decision without adequate foundation. As described below, however, the Court simply cannot

determine its own jurisdiction on the current state of the record, primarily because there is no record evidence of the procurement process utilized by the Government that resulted in non-competitive procurements of two, separate software packages. Accordingly, supplementation of the record is necessary before the Court can appropriately address the Government's Motion to Dismiss or the merits of Plaintiffs' claims.

The Government Fails to Contest Plaintiffs' Request
to Supplement the Administrative Record with Typical Procurement
Documents and Attachments to Plaintiffs' Motion to Supplement

Plaintiffs identified three categories of documents and information that the Government failed to include in its submission of the administrative record: (1) Typical procurement documents missing from the deliberations of the two procurements at issue; (2) Documents appended to or referenced in the Complaint; and (3) Documents regarding the procurement process that led to the Government's attempt to delegate its procurement authority to SRA. Motion to Supplement at 1. In its Opposition to Plaintiffs' Motion to Supplement the Administrative Record, the Government fails to object to inclusion in the record of documents in the first two categories: typical procurement information and documents, and the declarations and documents attached to Plaintiffs' Motion to Supplement. These categories of information and documents, as detailed in Plaintiffs' Motion to Supplement, pages 6-11, are necessary in order to further supplement the

record with documents that should have already been included in the administrative record. While the Government has conceded that its initial administrative record submission was deficient, by voluntarily providing four additional documents, the record remains deficient without the information and documents identified in Plaintiffs' Motion to Supplement as typical procurement documents, as well as all of the documents attached to their Motion to Supplement. With no Government opposition, those documents should be added to the administrative record and Plaintiffs should be permitted discovery to obtain other typical procurement information, if necessary.

The Government's Motion to Dismiss Highlights
<u>the Need for Supplementation of the Administrative Record</u>

The Government's Opposition focuses solely on the third category of documents proposed by Plaintiffs for inclusion in the administrative record – those relating to the procurement process at issue. The Government professes confusion as to the procurement decisions at issue. Opposition at 27. Yet, despite the Government's confusion as to the procurement decisions at issue, it is apparently confident that the record provides a sufficient basis to determine the Court's jurisdiction without any further supplementation. That confidence is misplaced.

As explained in Plaintiffs' Motion to Supplement, the Government's procurement decisions at issue include utilizing SRA to purchase the two software packages at issue, instead of competitively bidding those procurement decisions, and "recommending" and purchasing the software packages at issue without any competitive procedures, thereby excluding capable, small businesses from the process. Motion to Supplement at 17-20. To properly determine its jurisdiction regarding those procurement decisions, the Court needs to understand the process undertaken by the Government in order to assess whether this was an appropriate use of a task order in lieu of a competitive procurement, which decision is subject to the Court's bid protest jurisdiction. Also, the Court needs additional information to examine whether there was an arbitrary and capricious decision by the Government to improperly avoid procurement laws by failing to competitively bid the software packages at issue, particularly given the availability and prior use of qualified small business vendors, which would also be within the Court's jurisdictional grant.

As noted in their Motion to Supplement, because this protest includes the procurement process prior to the procurement decisions at issue, not just the procurement decisions themselves, there is a particular need to have a record of that process for the Court to review and evaluate. In the record as currently constituted, there is no information concerning the

Agencies' decision to change from its past practices and use SRA, despite the existing organizational conflicts of interest, to bundle the separate software packages for procurement by SRA, and to forego any competitive procurement of these software packages. Without supplementation of the administrative record, the Court cannot possibly conduct a meaningful record review of the claims set forth in the Complaint.

In addition, in its Motion to Dismiss, the Government spends a great deal of time addressing the "procurement agent" theory. Motion to Dismiss at 14-20. The current administrative record is currently inadequate for the Court to assess that theory. Although, in the GAO protests, USAID asserted that it had a limited role in the procurement process, the few documents included in the administrative record seem to suggest otherwise. For example, the SSET was comprised entirely of Government personnel; SRA provided only technical assistance. AR 198-202. Yet, USAID submitted declarations containing the unsupported assertion that SRA handled the bulk of the procurement process. AR 167-176. Of course, the Plaintiffs submitted counter-declarations indicating that the Agencies had a much broader role in the procurements at issue. AR 149-156. Under these circumstances, a blanket statement in a declaration submitted by the Government should not suffice to establish SRA's role

and does not provide sufficient detail regarding that role. Thus, further information is necessary.

In summary, the Government's Motion to Dismiss highlights the need for supplementation of the record so that the Court can confirm that it has jurisdiction to resolve this bid protest and to decide the merits of the protest. If the record is allowed to remain incomplete, with no information concerning the Government's decisions that led to non-competitive procurements of sizeable software packages, the Government will have established a valid method for evading effective review of its conduct. The Government should not be able to shield its conduct from review by failing to provide an adequate record upon which the Court can examine the Government's procurement decisions.

The Government Misstates Plaintiffs' Position
and, as a Result, Its Case Citations Are Inapposite

The Government's Opposition mischaracterizes Plaintiffs' filings as challenging the award of a task order to SRA in 2003 and challenging the good faith conduct of Government officials. Opposition at 27. First, the decision in 2003, to award a general task order to SRA is simply not at issue. As stated earlier, the issues include the Agencies' decision to withdraw from its lead role in procuring the software packages at issue, by issuing the First RFI, and, change course from its past practices by

deciding to use SRA in the Government's role, as well as its decision to delegate its procurement authority to SRA and to fail to competitively bid procurement of the software packages at issue. Second, while Plaintiffs' complaint includes a claim for breach of the duty of good faith and fair dealing, the need for supplementation of the record goes well beyond that claim.

In its Opposition, the Government begins to address the general law of supplementation of the record. However, based upon its misstatement of Plaintiffs' position, its legal analysis devolves into a discussion of the presumed good faith of Government officials. Opposition at 24-26.[1] None of that discussion is pertinent to the need to supplement the record so that the Court can examine a procurement process that is completely unexplained on the current state of the record.

More to the point, the two key cases cited by the Government that involve relevant decisions by this Court all support some supplementation of the administrative record. In Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001), the court of

---

[1] In fact, the Government's citations seem to suggest that supplementation of the record is only appropriate based upon "record evidence" of bad faith Government conduct, which, of course, is not the case. See Opposition at 26. As noted in its Motion to Supplement, the gaps in the current record warrant and many cases support supplementation of the record. Motion to Supplement at 11-14.

appeals ordered the deposition of the contracting officer because the "contracting officer's reasoning supporting [the determination at issue] is not apparent from the record." Similarly, in Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 345 (1997), the Court granted, in part, the protestor's request for limited discovery, a deposition of the contracting officer. In addition, the Court considered ordering additional depositions but declined to do so based upon factors that are not present in this case, namely, that the potential deponents would have to travel from Germany and that the protestor failed to call those individuals as witnesses at a GAO hearing. See id. at 345.

The Government's Conclusory Analysis Fails to Demonstrate the Sufficiency of the Current State of the Administrative Record

The Government's "analysis" in its Opposition consists of nothing more than two paragraphs at the end of its pleading. Opposition at 26-27. In the first paragraph, building upon its flawed legal argument that supplementation is only proper in the face of "record evidence" of improper conduct, the Government states:

> [N]either the record evidence, nor plaintiffs' allegations, indicate any absence of good faith upon the part of the Government or about the rationality of the Government's involvement in this non-Federal procurement, which might otherwise provide a justification for an additional evidentiary inquiry."

Opposition at 26. That argument is incorrect and unavailing. To the extent that the “record evidence” is lacking in any respect, it is precisely because of the Government’s failure to provide an adequate administrative record at the outset. The current record does not clearly delineate the Government’s role in the procurement process and does not contain any information at all as to the Government’s decision to include SRA in the process. The allegations in the Complaint certainly make that point as does Plaintiffs’ Motion to Supplement. See Complaint, page 4, note 1, pages 10-16, Motion to Supplement, pages 6-11. This lack of record evidence, as presented by the Government, highlights the need for supplementation so that the Court can examine the Government’s claim that it acted rationally in the procurement process at issue and determine the nature of its conduct. The Government cannot hope to provide an inadequate record and then seek the benefit of the very inadequacies in that record that it has created.

Furthermore, the need for supplementation is even greater in this case, because the allegations in the Complaint address issues, including the organizational conflicts of interest and the lack of any bundling analysis that, while raised at the GAO proceeding, were not addressed by USAID and were not a part of GAO’s decision. Under similar circumstances, the Court has permitted supplementation of the record beyond the record

developed before the GAO. See Chapman, 2006 U.S. Claims LEXIS 145 at *6-*8.

In the second paragraph of its "analysis," the Government posits that "a review of the complaint makes clear that the requirements of meaningful judicial review are fully satisfied by the facts presented in the agency record and by the law upon its face, and that no supplementation of the record is required for meaningful judicial review." Opposition at 27. Other than this conclusory statement, the Government offers no argument against supplementation of the record. As detailed in its Motion to Supplement, there are significant gaps in the administrative record, making supplementation necessary, namely the lack of any documentation to explain the Government's decision to insert SRA into the procurement process, the failure to compete the procurement of the software packages which had previously been obtained directly by the Government, from small businesses through competitive bidding, as well as SRA's role in the process. See Motion to Supplement at 6-11, 15-23. Thus, the Government's conclusory analysis does not provide the Court with justification to deny supplementation of the administrative record.

**Conclusion**

For the reasons set forth herein and in their Motion to Supplement, Plaintiffs, DSI and STR, respectfully request that the Court grant their

Motion to Supplement the Administrative Record, require the Government to provide all requested documents, allow Plaintiffs to conduct limited discovery to obtain other information requested but not set forth in any documents, and provide Plaintiffs with all other relief to which they are justly entitled.

DISTRIBUTED SOLUTIONS, INC.
and STR, L.L.C.

By: s/ Thomas A. Coulter
Counsel

Dated: September 6, 2006

Thomas A. Coulter (Virginia State Bar No. 46532)
(D.C. Bar No. 436423)
LeCLAIR RYAN, a Professional Corporation
951 East Byrd Street
Richmond, Virginia 23219
Mail: P.O. Box 2499
Richmond, Virginia 23218
Telephone: (804) 916-7103
Facsimile: (804) 916-7203
Email: thomas.coulter@leclairryan.com